NicholsoN, C. J.,
delivered the opinion of the court.
This is a bill to redeem two lots of ground sold under execution, on the 22nd of March, 1862, as the property of Geo. W. Churchwell, and bought by J. H. Armstrong, as trustee of Sophia M. Churchwell. The two lots were bid off at about $250, the money paid and possession taken by the purchaser. The lots are shown to have been worth $5,000 or $6,000 at the time of the sale, and the annual rent of the two lots for two years from the date of the sale is shown to have been worth about $300.
Complainant’s wife is an heir of G. W. Church-well, who has died since the sale of the lots, and as such heir, on the 17th of March, 1865, she tendered to Sophia M. Churchwell, and then to J. H. Arm *419 strong, her trustee, the sum of $294.50, the amount of the purchase money and interest, and claimed the right to redeem the lots. Mrs. Churchwell, who is the widow of G. W. Churchwell, declined to receive the money, but referred the complainant to her trustee, Armstrong, for a settlement of the matter. "When the money was tendered to him he refused to receive it, upon the ground that the two years had expired, and that the title of 'Mrs. Churchwell was absolute. Upon these facts the Chancellor held that complainant had no right to redeem, and dismissed the bill, and from this decree she has appealed. It is insisted here that the decree of the. Chancellor is erroneous, for the reason that the rent of the lots is shown to have been more than sufficient to satisfy the purchase money before the two years- expired; and that, therefore, there was no necessity to' tender the purchase
money before the expiration of the two years in order to secure the right of redemption.
This position is said to be-: sustained by sec. 2135 of the .Code, which provides - that “if the purchaser or his assignee take - possession under his purchase upon redemption by the debtor, he shall have a credit for the fair rent of the premises during the time they were in the purchaser’s possession.”
The argument based upon this section of the Code is plausible but not substantial. It is well settled by many decisions in our State, that upon the sale of a debtor’s land under execution, the whole estate is vested in the purchaser, by the sale. ' The right of thg debtor is strictly a right • to repurchase by pay- *420 merit or tender of the money within two years. If the money be not paid or tendered within the time, the right of the debtor is at an end and lost, and the title of the purchaser becomes absolute: Reynolds v. Baker, 6 Col., 227.
If,the purchaser elect to take possession under his purchase, he makes himself liable to account to the debtor for fair rent, provided the debtor pays or tenders the purchase money within the two years. This provision of the law was made for the benefit of the debtor, and he could avail himself of it at any time within the two years. But to have this benefit, he is required to come forward and claim it by tendering or paying the. purchase money. The statute does not secure to him the right to stand by and take no active step to enforce his right until the two years have expired, and then assert it. The law is express and imperative that he must make the payment or the tender within the prescribed time, otherwise he has forfeited the benefit provided for him.
But it will be observed that this right to have a credit for the fair rent of the premises is confined to the debtor. No one else is provided for but the debtor, and .as the tender in this case was made after the two years had expired, and was not made by the debtor, there was no error in the decree of the Chancellor, and the same is affirmed with costs.